**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| PAULA FISHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | FILE NO. |
| | : | |
| ANGELYN H. MITCHELL and | : | |
| KATIE M. TOWNSEND, | : | JURY TRIAL |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, Paula Fisher, and hereby files this, her Complaint for Damages, against the Defendants Angelyn H. Mitchell and Katie M. Townsend, and shows this Honorable Court as follows:

**PARTIES**

1.

Plaintiff, Paula Fisher (hereinafter referred to as "Plaintiff or Fisher"), is a resident of the State of Georgia.

2.

Defendant, Angelyn H. Mitchell (hereinafter referred to as "Defendant or Mitchell") is a resident of the State of Mississippi and is subject to the jurisdiction of this Court, and venue is proper in this Court. Defendant may be served by delivering a copy of the Summons and Complaint to Angelyn H. Mitchell, 1222 Taylor Street, Corinth, Mississippi, 38834.

3.

Defendant, Katie M. Townsend (hereinafter referred to as "Defendant or Townsend") is a resident of the State of Tennessee and is subject to the jurisdiction of this Court, and venue is proper in this Court. Defendant may be served by delivering a copy of the Summons and Complaint to Katie M. Townsend, 41 South Tennessee Avenue, Parsons, Tennessee, 38363.

**JURISDICTION**

4.

This Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 1332, because of diversity of citizenship and the amount in controversy exceeds $ 75,000.00.

**STATUTE OF LIMITATIONS**

5.

This action is being filed within the Statute of Limitations for the State of Florida and State of Georgia.

**THE REAL PROPERTY**

6.

The real property (real estate), which is the subject matter of this litigation, is located at 18 East Milstone Drive, Unit B, Inlet Beach, Walton County, Florida 32461. Legal description: UNIT 300 PROMINENCE PHASE 2 NORTH PB 19-62 OR 3054-1676 OR 3118-2294. (Hereinafter referred to as "Unit B").

## SYNOPSIS

7.

The Defendants, jointly and severally, conspired and defrauded the Plaintiff out of several thousands of dollars and personal property while negotiating the purchase of a vacation home in Walton County, Florida, that the Defendants never intended to sell to the Plaintiff. As part of the conspiracy and fraud, the Defendants, without warning or notice, six (6) days before closing, cancelled the real estate contract and sold the property to a third party buyer. The Plaintiff has suffered damages in excess of two hundred and fifty thousand dollars ($250,000.00), not including punitive damages.

## STATEMENT OF FACTS

8.

On or about October 15, 2020 Plaintiff and the Defendants started negotiations pertaining to the Defendants selling Unit B to the Plaintiff.

9.

On or about October 30, 2020, the Plaintiff and Defendants entered into a contract for the Plaintiff to purchase Unit B for six hundred and forty thousand dollars ($640,000.00).

10.

Plaintiff paid ten thousand dollars ($10,000.00) as a deposit (earnest money), and the monies were placed in escrow by

a third party.

11.

On or about November 7, 2020, the Plaintiff and other family member(s) stayed at Unit B for a short period of time to conduct an inspection of the real property and prepare for the real estate closing which was originally scheduled for December 11, 2020.

12.

During this stay at Unit B, Defendant Mitchell required a payment of $1,200.00 in cash and an additional payment of $3,000.00, which was paid in cash by the Plaintiff.

13.

During the first week of December, 2020, the Plaintiff and her young daughter returned to Unit B for the Plaintiff’s birthday and the Christmas holidays.

14.

On or about December 5, 2020, Plaintiff’s young daughter became extremely ill with the COVID 19 virus, and the Plaintiff and her daughter returned to their home in the Atlanta area.

15.

While in Atlanta the Plaintiff also contracted the COVID 19 virus and was extremely sick as a result.

16.

On or about December 10, 2020 the Plaintiff secured a mortgage loan for Unit B and was ready and prepared to purchase Unit B.

17.

On or about December 15, 2020 a new real estate closing date was set for December 28, 2020.

18.

On December 28, 2020, the real estate closing had to be extended again, and Defendants required the Plaintiff to send an additional $15,000.00 in cash, outside of escrow, for an extension, a new real estate closing date was reset to January 6, 2021.

19.

The Plaintiff sent the required $15,000.00, in cash, via FedEx and was received by the Defendants on December 29, 2020.

20.

On December 30, 2020 the Defendants cancelled the real estate contract, for reasons unknown, and sold Unit B to another buyer, with the real estate closing taking place on January 6, 2021.

21.

Inasmuch as the Plaintiff was purchasing Unit B, she placed several personal items, furnishing(s) and other items in Unit B

valued in excess of eighty thousand dollars ($80,000.00).

22.

The Defendants have refused to return the ten thousand dollar deposit ($10,00.00 earnest money) to the Plaintiff.

23.

The Defendants have refused to return the fifteen thousand dollars ($15,000.00) that was demanded by the Defendants on December 28, 2020 to the Plaintiff.

24.

The Defendants have refused to return, to the Plaintiff, the forty two hundred dollars ($4,200.00) that was paid in early December, 2020 to Defendants as additional payments.

25.

The Defendants have refused to return, to the Plaintiff, personal items, furnishing(s) and other possessions that belong to the Plaintiff and that were located in Unit B, valued in excess of eighty thousand dollars ($80,000.00).

26.

The Plaintiff has incurred over a one hundred and fifty thousand dollar ($150,000.00) loss as a result of the Defendants cancelling the real estate contract, without cause, as the property values in the area have increased.

27.

The Plaintiff is entitled to punitive damages to deter the Defendants from committing similar acts in the future.

28.

It must be noted, at the time the Defendants conspired and took the Plaintiff's money and property, Defendant Townsend, was and is still a licensed real estate Agent/Broker in the State of Tennessee.

29.

On April 15, 2021 the Defendants filed a frivolous lawsuit against the Plaintiff titled COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT in the County Court for Walton County, Florida, Case No.: 21CC147, several months after Unit B had been sold to a third-party buyer.

30.

After the contract was cancelled by the Defendants, and realizing Unit B had been sold to someone else, it became obvious to the Plaintiff that the Defendants had planned and conspired to steal her (Plaintiff) money and property.

**COUNT ONE**

**FRAUD**

31.

Plaintiff incorporates paragraphs (1) through (30) by reference as if fully set forth herein.

32.

Plaintiff has a cause of action against the Defendants for Fraud.

33.

Defendants made several false statements and representations to the Plaintiff to induce her (Plaintiff) into entering into a contract to purchase Unit B and Defendants knew the statements and representations were false.

34.

Defendants knew or should have known the statements and representations were false, and were made with the intent to steal the Plaintiff's money and property.

35.

Defendants intended that the statements and representations were to induce the Plaintiff to pay money outside of escrow, while also contracting with a third party to purchase Unit B.

36.

Plaintiff suffered damages in justifiable reliance on the statements and representations made by the Defendants.

37.

Plaintiff is entitled to recover from Defendants her actual damages, plus interest, consequential and compensatory damages, special damages and punitive damages, total of all damages exceeding one million dollars ($1,000,000.00), including attorney's fees and costs of litigation, and other such relief that is proper and just.

**COUNT TWO**

**CONSPIRACY TO COMMIT FRAUD**

38.

Plaintiff incorporates paragraphs (1) through (37) as if fully set forth herein.

39.

Plaintiff is entitled a cause of action against Defendants for conspiracy to commit Fraud as Defendant Mitchell and Townsend conspired to commit the unlawful acts of stealing the Plaintiff’s money and property.

40.

Defendants committed several willful overt acts by having the Plaintiff execute a contract to purchase Unit B, while at the same time contracting with a third party to purchase Unit B, and requiring cash payments, outside of escrow, to be paid by the Plaintiff.

41.

The Plaintiff suffered damages as a result of the unlawful acts performed through the conspiracy by the Defendants.

42.

Plaintiff is entitled to recover from Defendants her actual damages, plus interest, consequential and compensatory damages, punitive damages, total of all damages exceeding one million dollars ($1,000,000.00), including attorney's fees and costs of litigation, and other such relief that is proper and just.

**COUNT THREE**

**CONVERSION**

43.

Plaintiff incorporates paragraphs (1) through (42) by reference as if fully set forth herein.

44.

Plaintiff is entitled a cause of action against Defendants for Conversion as Defendant Mitchell and Townsend, by unlawful acts, took the Plaintiff's money and property and has refused to return same to the Plaintiff.

45.

The actions of the Defendants have permanently deprived the Plaintiff of her money and property.

46.

Plaintiff is entitled to recover from Defendants her actual damages, plus interest, consequential and compensatory damages, punitive damages, total of all damages exceeding one million dollars ($1,000,000.00), including attorney's fees and costs of litigation, and other such relief that is proper and just.

**COUNT FOUR**

**THEFT**

47.

Plaintiff incorporates paragraphs (1) through (46) by reference as if fully set forth herein.

48.

Plaintiff is entitled a cause of action against Defendants for Theft as Defendant Mitchell and Townsend, by unlawful acts, took the Plaintiff's money and property with the intent to permanently deprive the Plaintiff of her money and property.

49.

Plaintiff is entitled to recover from Defendants her actual damages, plus interest, consequential and compensatory damages, punitive damages, total of all damages exceeding one million dollars ($1,000,000.00), including attorney's fees and costs of litigation, and other such relief that is proper and just.

**COUNT FIVE**

**BREACH OF CONTRACT**

50.

Plaintiff incorporates paragraphs (1) through (49) by reference as if fully set forth herein.

51.

Plaintiff is entitled a cause of action against Defendants for Breach of Contract as Defendant Mitchell and Townsend, by unlawful acts, breached the contract.

52.

Plaintiff and Defendants Mitchell and Townsend entered into what Plaintiff believed to be a valid contract to purchase Unit B.

53.

Defendants committed a material breach of the contract by cancelling the contract without cause and/or notice, and stealing the Plaintiff's money and property.

54.

Plaintiff suffered damages caused by Defendant's willful and intentional breach of the contract.

55.

Plaintiff is entitled to recover from Defendants her actual damages, plus interest, consequential and compensatory damages, punitive damages, total of all damages exceeding one million

dollars ($1,000,000.00), including attorney's fees and costs of litigation, and other such relief that is proper and just.

**WHEREFORE**, the Plaintiff prays as follows:

a) for Summons and Process to issue as provided by law;

b) for a trial by jury;

c) for a judgment against the Defendants for damages as described herein;

d) for an award of attorney's fees and expenses of litigation; and

f) for the Plaintiff to have such other and further relief as this Court deems just and proper.

Respectfully submitted

John R. Burdges
Georgia Bar No. 094985
JOHN R. BURDGES, P.C.
4485 Tench Road
Suite 1511
Suwanee, GA 30024
770-317-5630 (Direct)
Burdges@burdgeslegal.com
Attorney for Plaintiff